# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DENNIS TAYLOR, et al.,

    Plaintiffs,

vs.

MICHELIN NORTH AMERICA, INC., et al.,

    Defendants.

Case No. 14-CV-293-JED-FHM

## OPINION AND ORDER

Defendants' Motion for Rule 37 Sanctions, [Dkt. 239], is before the court for decision. Defendants seek sanctions for Plaintiffs' failure to comply with the court's discovery order dated November 14, 2018, which required Plaintiffs to supplement their Rule 26 disclosures. [Dkt. 183]. Plaintiffs filed a brief opposing the motion for sanctions, [Dkt. 241], and Defendants filed two supplemental memoranda which outline Plaintiffs' continued non-compliance with the court's order and outline additional complaints about Plaintiffs' conduct of discovery. [Dkt. 260, 265]. Plaintiffs have not filed anything in response to the supplemental memoranda.

At the end of the hearing on Defendants' motion to compel, held on November 14, 2018, the court ordered Plaintiffs to supplement their Rule 26 disclosures. Plaintiffs were instructed to specify the categories of damages that are being sought and to produce the documents Defendants sought relating to the subject properties. At the hearing the court made it clear Plaintiffs were required to provide the documents, state they had already been provided, or state the documents did not exist. Counsel for Plaintiffs agreed that 30

days was a sufficient amount of time to comply with the order. Plaintiffs wholly failed to comply with the order within the 30 days allotted.

In response to the instant motion, Plaintiffs professed confusion over whether compliance with the order was necessary given the parties' discussion about and agreement to try "bell weather" cases. The court notes that Plaintiffs did not seek clarification, modification, or a stay of the court's order. In the court's view, Plaintiffs and their counsel, simply ignored their discovery obligations in the first place, and then ignored the court's discovery order. Counsel for Plaintiffs claim that any oversight or misunderstanding as to non bell weather discovery obligations is "purely counsel's shortcoming." [Dkt. 241, p. 6]. The court takes a dim view of the inattention to discovery obligations demonstrated by Plaintiffs' attorneys in this matter. Counsels' professed confusion about their responsibility to comply with the November 14 order sounds a false note in light of the failure to seek clarification, modification, or stay of the order.

Due to the passage of time and the failure of Plaintiffs to respond to the supplemental memoranda, it is not clear to the court whether Plaintiffs have fully complied with the court's order. According to Defendants, as of May 5, 2019, Plaintiffs had not served a single updated discovery response or Rule 26 initial disclosure. [Dkt. 260, p. 1]. In addition, Defendants advised that additional new Plaintiffs who were added to the case by the Fourth Amended Complaint have also ignored discovery requests. *Id*. In their Second Supplemental Memorandum in support of their Motion for Sanctions Defendants report that on May 7, 2019, five months after the court-ordered deadline and two weeks after the last of Plaintiffs' experts were deposed, Plaintiffs submitted their

2

amended Rule 26 disclosures. [Dkt. 265, p. 3]. Defendants assert that supplying the amended disclosures at such a late date is a flagrant violation of the discovery rules and prejudicial to them. Defendants also assert that the disclosures are deficient in that they do not offer a calculation of their alleged damages.

Plaintiffs' failure to comply with the court's discovery order and the failure to timely fulfill their Rule 26 disclosure obligations thwarts the orderly resolution of this lawsuit. It is no excuse that compliance with discovery obligations is inconvenient for Plaintiffs or taxing on their attorneys. Compliance with discovery requirements and court orders is a condition of Plaintiffs' continued maintenance of their action in this court. *See* Fed. R. Civ. P. 37.

To the extent there are any Plaintiffs remaining in the case who have not served substantive and verified answers to interrogatories seeking an itemization of the categories of damages being sought, those Plaintiffs are hereby ordered to provide verified answers to interrogatories supplying that information. All Plaintiffs in the case are also required to produce all documents pertaining to their property as discussed at the November 14, 2018 hearing.[1] Also as discussed at the hearing, if no responsive documents exist, or if all such documents have been produced, a verified statement to that effect will satisfy Plaintiffs' obligations.

In so far as Defendants' motion can be read as asserting that an itemization of the dollar amount of damages claimed by each Plaintiff was required by the court's November 14 order, that assertion is inaccurate. At the hearing on the Motion to Compel,

---

[1] If Plaintiffs are unclear about what is included, a transcript of the hearing can be ordered for clarification.

Defendants' counsel clearly stated that the information that was required was identification of what categories of damages were being sought by each Plaintiff. Defendants' counsel acknowledged that identification of a specific damage number is a topic for expert testimony.

The supplementation and verification required herein must be produced to Defendants by October 15, 2019. Plaintiffs are advised that, regardless of the possible inconvenience to them or their counsel compliance with this order may cause, the failure to timely comply with this order will result in a recommendation that non-complying Plaintiffs be dismissed from this action. Timely compliance with this order should provide Defendants with the information they require, albeit at a late stage in the litigation.

The court has not addressed the additional discovery problems discussed in Defendants' supplemental memoranda. If Defendants desire to seek sanctions for these matters, a separate motion for sanctions should be filed.

Defendants' Motion for Sanctions, [Dkt. 239] is GRANTED in Part.

SO ORDERED this 17th day of September, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE