# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DENNIS TAYLOR, et al.,

    Plaintiffs,

vs.

MICHELIN NORTH AMERICA, INC., et al.,

    Defendants.

Case No. 14-CV-293-JED-FHM

## OPINION AND ORDER

Plaintiffs' Motion for Protective Order, [Dkt. 261], is before the undersigned United States Magistrate Judge for decision. The Defendants filed a brief opposing Plaintiffs' motion. [Dkt. 263]. No reply brief has been filed.

Plaintiffs' motion does not contain the statement required by LCvR 37.1 advising that "counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." *See also* Fed. R. Civ. P. 26(c)(1) (a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."). Nor does Plaintiffs' motion include "a verbatim recitation of each [discovery request] which is the subject of the motion" as required by LCvR 37.2(d). Plaintiffs' motion is denied on the basis that it does not comply with foregoing provisions of the local rules.

The following comments are made to guide counsel on the conduct of the meet and confer[1] required by LCvR 37.1. The court does not view 25 requests for admission directed to each Plaintiff by each of the two Defendants in this case to be an excessive number. The content of the requests for admissions discussed in Plaintiffs' brief suggests that, through engaging in the good faith and sincere attempt to resolve differences required by LCvR 37.1 and Fed. R. Civ. P. 26(c)(1), counsel should be able to come to some agreement as to stipulations about the matters addressed in the requests for admissions.

Plaintiffs' Motion for Protective Order, [Dkt. 261], is DENIED.

SO ORDERED this 18th day of September, 2019.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] As a general rule, the court does not view the exchange of email correspondence as satisfying the meet and confer requirement. Counsel are required to actively engage in some personal discussion.